IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAY'LEN D. BELL,

                Plaintiff,

v.                                       CIVIL ACTION NO.  2:25-cv-00486

SAINT ALBANS POLICE DEPARTMENT, et al.,

                Defendants.

**ORDER**

Pending before the Court is Plaintiff Jay'Len D. Bell's Complaint. (ECF No. 2.) By Standing Order entered September 1, 2024, and filed in this case on August 5, 2025, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation (PF&R). (ECF No. 3.) Magistrate Judge Tinsley filed his PF&R on October 14, 2025, recommending that this Court dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (ECF No. 7.)

This Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general

1

and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R were due on October 28, 2025. (ECF No. 7.) Plaintiff has not filed any objections to the PF&R, thereby waiving de novo review of Magistrate Judge Tinsley's PF&R. The Court notes that Plaintiff has also failed to maintain his current address with the clerk. Magistrate Judge Tinsley's order granting Plaintiff leave to amend his complaint, which was sent to Plaintiff at his address on record, was returned as undeliverable. (*See* ECF No. 8.) Per Rule 83.5 of the Local Rules of Civil Procedure, Plaintiff—as a *pro se* party—"must advise the clerk promptly of any changes in name, address, or telephone number." The fact that the PF&R mailed to Plaintiff was returned as undeliverable due to Plaintiff's failure to maintain his current address with the clerk does not impact the Court's review and analysis of the PF&R and does not provide Plaintiff with an avenue to object to the PF&R after the October 28, 2025 deadline. Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 7), and **DISMISSES** the action **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   October 30, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE